ELIZABETH THOMPSON *v* ELIJAH THOMPSON and others.

A mother, separated from her husband, is entitled to the custody of her infant child, in preference to the grandfather, into whose hands the child had been placed by the father soon after its birth.

HABEAS CORPUS, to obtain the custody of an infant child, heard by his Honor, *Judge Logan*, at Chambers, in POLK county, 17th September, 1873.

The plaintiff, who is the mother of the child, filed her petition for a writ of *habeas corpus*, which was granted, and the defendants directed to have the child before his Honor, &c.

On the hearing, it appeared that in August, 1872, the plaintiff gave birth to an infant daughter, (the child in question,) and was soon after attacked with "puerperal mania," which rendered her totally delirious for several weeks, only occasionally having lucid moments. While she was in this condition, her mother requested Mrs. William Thompson, the mother-in-law of the plaintiff, to take the child and take care of it, and that the mother of the plaintiff would take and nurse her.

During the sickness and delirium of the plaintiff, her husband, the defendant, Elijah, accused his wife to her mother of improper conduct, and threatened to throw her "out in the road," whereupon her mother took her to her house, where she has been ever since. She has recovered her mind and health, sufficient to work most of her time, though still feeble.

·The defendant, William Thompson, the father of Elijah, the husband, is a man of some means. Neither the father or mother of the child has much property. The maternal-grandmother of the child, with whom its mother, the plaintiff lives, is a widow with a large family, mostly grown, and limited means. Soon after the child was born, the father, the defendant Elijah, left and went to Georgia, where he remained nine months. He has since returned and is living with his father, the defendant William. .

His Honor directed that the custody of the child should be

given to the grandfather, William Thompson. From this order, the plaintiff appealed.

*Shipp & Bailey*, for appellant.
No counsel *contra*, in this Court.

READE, J. In giving the custody of the child to the paternal grandfather, his Honor was influenced no doubt by the consideration that he was the most proper person under the circumstances; and we would affirm his action if we were permitted to do so, but the statute is express, that it shall be given either to the father or the mother. Bat. Rev. ch. 54, section 39. There was formerly a statute which gave discretion to commit the custody to other fit person, but that has been repealed.

We declare that there is error in the order giving the custody of the child to the grandfather; and that as the case now stands the mother, the petitioner, is entitled to the custody. The cause will be sent down to the Superior Court of Polk county, that proper orders may be made. The cost will be paid by William Thompson.

There is error. The cause is remanded to Polk Superior Court, and this opinion certified.

PER CURIAM. Order reversed.