A. T. NEWSOME v. Q. T. BUNCH.

(Filed 19 February, 1907).

Parent and Child—Custody of Child—Habeas Corpus—Revisal, secs. 180 and 181.—Where a child less than one year old had been placed by its father in the custody of its grandparents, with whom it had lived about eight years and who now claim the right of custody, and the Court found as facts that the father had not abandoned the child; that there was no objection to the father as a proper custodian, and that the interests of the child will not be prejudiced by giving him the custody of it: *Held*, that this Court, on appeal, will not disturb an order made by the Court below, in the exercise of its sound discretion, that the child be restored by the grandparents to the father, it being proper under the facts and circumstances of the case and under Revisal, secs. 180 and 181.

DEFENDANT'S APPEAL, in *habeas corpus* proceedings, from the order of *Ward, J.,* rendered 3 January, 1906, Superior Court of CHOWAN County, granting plaintiff custody of his minor child.

*N. Y. Gulley* and *W. S. Privott* for plaintiff.
*W. M. Bond* for defendant.

NEWSOME *v.* BUNCH.

WALKER, J. This case was before us at the last term, and
will be found reported in 142 N. C., at page 19, where the
facts, not herein mentioned, are stated. We there directed
certain additional findings to be made. His Honor has
found, in compliance with our order, that the child was not
abandoned by its father (the petitioner) to its grandparents
(the respondents), and that the interests and welfare of the
child will not be materially prejudiced by its restoration to
the petitioner.

The father is, in the first instance, entitled to the custody
of his child. But this rule of the common law has more
recently been relaxed, and it has been said that where the
custody of children is the subject of dispute between different
claimants, the legal rights of parents and guardians will be
respected by the courts as being founded in nature and wis-
dom, and essential to the virtue and happiness of society;
still, the welfare of the infants themselves is the polar star
by which the courts are to be guided to a right conclusion,
and, therefore, they may, within certain limits, exercise a
sound discretion for the benefit of the child, and in some
cases will order it into the custody of a third person for
good and sufficient reasons. *In re Lewis,* 88 N. C., 31; Hurd
on Habeas Corpus, 528 and 529; Tyler on Infancy, 276
and 277; Schouler on Domestic Relations, sec. 428; 2 Kent's
Com., 205. But as a general rule, and at the common law,
the father has the paramount right to the control and custody
of his children, as against the world; this right springing
necessarily from and being incident to the father's duty to
provide for their protection, maintenance and education. 21
A. and E. Enc., 1036; 1 Blackstone (Sharswood), 452, and
note 10, where the authorities are collected. This right of
the father continues to exist until the child is enfranchised
by arriving at years of discretion, "when the empire of the
father gives place to the empire of reason." 1 Blk., 453.

It appears in this case that the child is under ten years of age and that the petitioner and the respondents are equally qualified in every respect as fit and proper persons with whom to entrust the care and custody of the child, and further it is found as a fact that the father has in no way surrendered his natural and preferred right to such custody. Under these circumstances we are unable to see why the petitioner is not entitled to have the custody of the child awarded to him, as was done by the order of the Court below. It would seem that the case comes directly and clearly within the decision of this Court in *Latham v. Ellis,* 116 N. C., 30, if it is not also substantially covered by the provisions of Revisal, secs. 180 and 181. See, also, *Musgrove v. Kornegay,* 52 N. C., 71; *Harris v. Harris,* 115 N. C., 587; *Ashby v. Page,* 106 N. C., 328; *In re Lewis,* 88 N. C., 31; *Thompson v. Thompson,* 72 N. C., 32, where the law in regard to the father's right of custody in respect to his child is discussed by the Court in its different phases as presented by the facts of those cases.

There is no legal duty or obligation resting upon the grandfather to support and educate his grandchild, whereas the father does rest under such an obligation. This fact should have some weight with the Court in deciding a controversy between them as to the child's custody, apart from the natural claim the father has to the first consideration, as the death of the grandparent or his refusal longer to care for the child might leave the latter without any natural guardian or protector and result in his becoming a charge upon the community. While the Court, in the exercise of a sound discretion, may order the child into the custody of some person other than the father, when the facts and circumstances justify such a disposition of the child, we do not think that any such case is presented in this record as should induce us to adopt that course and except this case from the general rule. The father has done nothing by which he has incurred

a forfeiture of his right to the custody of his offspring. There is no room for the exercise even of a sound discretion in favor of the grandparents who now have possession of the child. Speaking for himself, and not committing the Court to his view, the writer of this opinion would hesitate to remove the child from its present custody, if the law were more elastic, and we were vested with a larger discretion than is given by the law. We must follow the precedents and the general principles of justice established by them, though the result may be contrary to what we may consider as the real merits of the particular case, and though by the facts, even as found by the Court, our sympathies may be enlisted in behalf of the grandparents. The insistence upon his strict right under the circumstances may not be very creditable to the petitioner, yet the law is inexorable, in such a case, and cannot be made to yield in deference to a mere sentiment or to a tender regard for the feelings of one of the parties; nor, are we permitted to exercise an arbitrary discretion.

No Error.