## In re DAISY BELL WARREN.

(Filed 10 September, 1919.)

**1. Habeas Corpus—Parent and Child—Custody of Child.**

The parents of an infant child have *prima facie* the right and preference of its custody and control against the claim of others; but this right is not universal and absolute and will yield when it is shown that the welfare and best interest of the child clearly requires it.

**2. Same—Findings—Award—Strangers—Contracts.**

The mother of an illegitimate child, eighteen months of age, entered into a written contract, under seal, with the respondent, conveying the right of control and natural guardianship of the infant until it became twenty-one years of age. The lower court found, upon sufficient evidence, that the petitioner had at that time no means for supporting the infant, was a prostitute, leading a wandering life, but since had married a respectable man, to whom she had borne a child, who worked and supported his family in good, religious and educational environment; that the respondent was a good man and loved and cared for the child, now five years of age, as a parent; was able to support it, had placed it in good, religious and educational environment, and, having no child of his own, was treating it as his own, with the intention of adopting it: *Held,* upon these findings, a judgment was a proper one, that the welfare and best interest of the child required that it remain for the present with the respondent, and so ordering. As to whether the conveyance was sufficient in itself, *quære?*

HABEAS CORPUS proceedings to determine the rightful custody of an infant child, heard before *Devin, J.,* at Chambers in February, 1919; from BEAUFORT.

There was judgment denying the petition, and petitioner appealed.

*Ward & Grimes for petitioner.*
*Small, MacLean, Bragaw & Rodman for appellee.*

HOKE, J.  It appears that about six years ago the petitioner, then Mattie Perry, resident of Nash and Pitt counties, about fifteen years of age, gave birth to an illegitimate child, the subject of this controversy; that about eighteen months after this birth, finding it difficult, owing to reputation and conduct, to obtain any suitable abiding place, she executed a written instrument, under seal, conveying to respondents, C. E. Swain and wife, now resident in Beaufort County, the right of control and natural guardianship, conditioned upon good treatment, until said child became twenty-one years of age.  That about six or seven months thereafter, the petitioner having removed to the city of Charlotte and procured employment, there intermarried with Mr. A. J. Kearns and has one child, now living, born of the marriage.  At the hearing and on competent testimony the court finds the following facts as more directly relevant to the inquiry:

That the petitioner, Mrs. Mattie Kearns, was before her marriage known by the name of Mattie Perry; that she was a woman of disreputable character and gave birth to an illegitimate child, the said Daisy Perry; that when the child was about a year old that petitioner was then working in the cotton mill in Greenville, but her conduct there was bad and she was required to leave.  Thereupon she went to this respondent, Mr. Charlie Swain, and gave him the custody of the said child until she should become twenty-one years of age, and executed in the presence of witnesses a paper-writing setting out the fact of her having so renounced the custody of her child in favor of the said Swain, copy of which said paper is hereto attached.  Said Swain at that time had only known petitioner a short time and did not know her reputation or that the child was illegitimate.  Petitioner then left and went to Smithfield, and from there to Charlotte.  That at Charlotte she married her husband, A. J. Kearns, and seems to have since her marriage led a correct life, and there is no evidence of improper conduct upon her part since that time except her conduct in Washington last summer, when she was seen riding on the handlebars of a bicycle with one Robert Satterthwaite.  That the husband of said petitioner is a man of good

character, and they are living in Charlotte in a good neighborhood and members of the church, Mr. Kearns earning a living as clerk in a store, and petitioner has borne two other children.

That the respondents are now living in the county of Beaufort, about six miles from the town of Washington, in a good home in a neighborhood where the surroundings are favorable, close to church and school, and that the respondent Swain is a man of good character and well suited and qualified to nurture and rear the child.

That the respondents have no children, their only child having died in infancy some years ago. That they love the said Daisy Perry as their own child, and state that they propose to adopt the said child formally and give her their name. That they have had the custody of the said child for about four years, the child being now about five years of age, and the ties of affection between them and the said child have grown to be on both sides such as are usual between parent and child.

And the court finds that the best interests of the child would be served by permitting the child to remain in the custody of the respondents.

It is fully recognized in this State that parents have *prima facie* the right of custody and control of their infant children, the father preferably when both are equally worthy, and it is held also in several decisions dealing directly with the question that this parental right is not universal and absolute but may and will be made to yield when it is shown that the welfare and best interest of the child clearly requires it. *In re Means,* 176 N. C., 307; *Atkinson v. Downing,* 175 N. C., 244; this last case citing among other authorities *In re Mercer Fain,* 172 N. C., 790; *In re Alderman,* 157 N. C., 507; *In re Mary Jane Jones,* 153 N. C., 312; *In re Turner,* 151 N. C., 474; *In re Samuel Parker,* 144 N. C., 170; *Newsome v. Bunch,* 144 N. C., 15; *Latham v. Ellis,* 116 N. C., 30. In *Atkinson's case* the basic principle, with the suggested limitation upon it, is stated as follows:

"The *prima facie* right of parents to the care and custody of their infant is a natural and substantive one which will not be interfered with by the courts unless the good of the child clearly requires it.

"While this parental right is fully recognized in this State, it is further held that the welfare of the child is also entitled to full consideration, and on especial facts may become controlling in the disposition of its custody."

The court having found upon sufficient testimony that the best interest of the child requires that it remain for the present in the care and custody of the respondents, on the record and in accord with the principles stated, we approve both the finding and the judgment thereon and hold that the prayer of the petitioner has been properly denied.

It may be that, under the correct interpretation of our statutes on the subject, Rev., sec. 1762, conferring on a father, though a minor, the right of disposition of his infant and unmarried child by deed or will, etc., and section 1765, constituting the mother the natural guardian of her infant children, as between these parties, the strictly legal right of guardianship of this child rests with respondents under its mother's deed, but without definite ruling on that question we prefer to rest our decision on the facts found by his Honor, that the welfare and best interest of the child requires that it remain, for the present, where the deed of the mother has placed it and where, according to the evidence and findings, in a comfortable home, it has a safe and sheltered life.

We find no error, and the judgment of the court below is
Affirmed.