## MRS. GEORGE G. BRICKELL v. WADE H. HINES.

### (Filed 3 March, 1920.)

**1. Habeas Corpus—Parent and Child—Custody of Child—Natural Parents —Right of Parents.**

> The parents have *prima facie* the right to the custody and control of their infant children as a natural and substantive right not lightly to be denied or interfered with by action of the courts; but this right is not universal and absolute, and may be modified and disregarded by the court when it is made to appear that the welfare of the child clearly requires it.

**2. Same—Adopted Child.**

> Where, under legislative provision and before a court of competent jurisdiction of the cause and the parties, an infant child has been duly adopted, the care, custody, and control of the child is thereby transferred to the adopting parents, and the force and effect of the proceedings and decree will follow the parties on a change of domicile and control the personal relationship existent between them; but the status of the adopting parents can be no better than that of the natural ones, and must give way to the latter where it appears, in *hapeas corpus* proceedings, that the future welfare of the child will thereby be materially promoted.

HABEAS CORPUS proceedings to determine as to care and custody of an infant child, now three and a half years of age, heard, on petition of the parents, before *Daniels, J.,* at chambers in Goldsboro, N. C., on 20 September, 1918.

It appeared that the child, in 1916, when one month of age, had been adopted by respondents, on proceedings had in the Hustings Court of the city of Richmond, in 1916, the *feme* plaintiff, not then married, joining in the petition for adoption, and had since been cared for by respondents, now domiciled in North Carolina, petitioners being also resident and domiciled here. There was evidence tending to show that, under circumstances now existent, the welfare of the child would be best subserved by awarding the same to the petitioners, its parents. The court having so found, there was judgment awarding the child to the care and custody of petitioners, and respondents excepted and appealed.

*J. Faison Thomson for plaintiff.*
*Hood & Hood for defendant.*

HOKE, J. It has been held in several recent decisions, where the question was directly considered, that parents have *prima facie* the right to the custody and control of their infant children, and that the same being a natural and substantive right, may not be lightly denied or interfered with by action of the courts. It is further held in these and other cases that this right of the parents is not universal and absolute, but

that the same may be modified and disregarded when it is made to appear that the welfare of the child clearly requires it. *In re Warren,* 178 N. C., 43; S. E., 76; *In re Means,* 176 N. C., 307; *Atkinson v. Downing,* 175 N. C., 244. The last case citing, among others, *In re Fain,* 172 N. C., 790; *In re Mary Jane Jones,* 153 N. C., 312; *Newsome v. Bunch,* 144 N. C., 15; *In re Alderman,* 157 N. C., 507; *In re Turner,* 151 N. C., 474; *In re Samuel Parker,* 144 N. C., 170. It is also the accepted position, as pertinent to the facts of this record, that, when an infant child has been duly adopted, pursuant to legislative provision and before a court having jurisdiction of the cause and the parties, this right of the natural parent, under the regulations usually prevailing in such cases, as to care, custody, and control of the child is thereby transferred to the adopting parents, and the force and effect of the proceedings and decree will follow the parties on a change of domicile and control the personal relationship existent between them. 1 R. C. L., 611; 1 Amer. and Eng. Ency. (2d ed.), 733. This right of the adopting parents, however, is usually no greater than the natural, and, as said in *Downing's case:* "Here, too, the welfare of the child is entitled to full consideration, and, on especial facts, may become controlling in the disposition of its custody."

Applying these principles, the wise and learned judge, having investigated the case and set forth fully the testimony pertinent to the inquiry, has found and adjudged "that it is to the interest of the infant child that she be placed in the custody of her natural parents, and that her future welfare will be thereby materially promoted."

In our opinion, the facts in evidence are in support of his Honor's conclusion, and the judgment awarding the child to its natural parents is
Affirmed.