CLARKSON, J., concurring.
STACY, C.J., and BROGDEN, J., dissenting.
This action was instituted by the plaintiff for a divorce a mensa etthoro, for custody of her two children and for maintenance for herself and children. The parties to this action entered into a consent judgment on 18 December, 1933, before Judge Clement, which contained the following provisions: "That this judgment shall not affect the right of the parties hereto in respect to the custody of their children but shall operate as a final determination of all matters in the pleadings except the custody of said children, and either party to this action may, upon notice to the other or to counsel for the other, by motion in the cause herein have the custody of said children determined at any time without prejudice on account of this judgment." After notice, and in accord with the foregoing provision of the judgment and the statute, the plaintiff lodged this motion, which came on to be heard by Judge Alley, then holding the courts of the Eleventh District, who, after hearing a large number of affidavits and privately examining the children themselves, found the facts, declared the law, and signed judgment awarding the custody of the children to the defendant. Plaintiff excepted and appealed.
The appellant makes six assignments of error which we will discussseriatim. *Page 778 
"1. That his Honor erred in signing the judgment set out in the record." In plaintiff's brief she takes the position that the court was without jurisdiction in this action to determine the custody of the children. We think this untenable. The plaintiff instituted this action under C.S., 1664, which provides that in actions for divorce, either absolute or from bed and board, the judge both before and after final judgment may make orders respecting the care and custody of children. The court acquired jurisdiction of the children upon the institution of this action, and was not divested thereof by the consent judgment, and especially is this so since the very judgment itself provides that "either party to this action may . . . by motion in the cause herein have the custody of said children determined at any time without prejudice on account of this judgment."
"2. That his Honor erred in holding that the consent judgment entered into between the parties was a full settlement of any claim which the plaintiff may have against the defendant for maintenance for any child or children which might be awarded to the plaintiff temporarily or otherwise." We are inclined to the opinion that his Honor's construction of the contract between the parties, evidenced and sanctioned by the consent judgment, is a correct one, but since the custody of the children was not awarded to the plaintiff the question presented becomes immaterial.
"3. That his Honor erred in finding as a fact that Dr. Tyner is a capable, fit, and suitable person to have the custody, care, maintenance, and education of his minor children." While there is evidence to the contrary, there is an abundance of evidence to sustain the finding of fact of which the plaintiff in this assignment complains.
"4. That his Honor erred in failing to find as a fact that Mrs. Tyner is a fit, suitable and proper person to have the custody, care, and education of her minor children." While there is much evidence tending to show that Mrs. Tyner was a proper person to have the custody and care of her children, there was evidence to the contrary, and his Honor, upon careful consideration of all the evidence, viewed with its local coloring, failed to find that she was such a person, and went only so far as to find: "That the plaintiff, Mrs. C. V. Tyner, is also a woman of good character and reputation; that she is a fit, suitable and proper person for said children to know and associate with, and the court further finds as a fact that they be permitted to know and to associate with their mother."
"5. That his Honor erred in finding that Mrs. Tyner is able to provide for and maintain said children during such times as they may visit her and be in her custody." Since the plaintiff would not be required to provide for or maintain the children during such time as *Page 779 
they may "visit" her, and since the custody of the children has not been awarded her, the question raised by this assignment likewise becomes immaterial.
"6. That his Honor erred in finding that it is to the best interest of said two minor children that their custody and care and education be awarded to their father, Dr. Tyner." There is much evidence to sustain this finding, and much to the contrary. The conscientious judge heard it all, took it under advisement for many days and nights, interviewed privately the children themselves, and doubtless after much travail, made this finding, which was the crucial one in the case.
"The findings of fact by the court, there being evidence on both sides, is binding and conclusive on appeal." Shoof v. Frost, 127 N.C. 307;Daugherty v. Comrs., 183 N.C. 152; In re Hamilton, 182 N.C. 44.
Upon the findings of fact that the defendant was a proper person to have the custody of the children, and that it was to the best interest of the children that he have such custody, the court properly concluded and adjudged that the defendant was entitled to the custody of the two minor children; especially was this so in view of the failure of the court to find that the plaintiff was a proper party to have such custody, and of the general and common-law rule that the father has the prior right of custody. We are glad, however, that the court softened the rigor of its judgment by providing that the mother is to have the right to visit her children and to have access to their place of abode, and to associate with them so long as she does not attempt to take them from the State beyond the jurisdiction of its courts.
In determining the custody of children, their welfare is the paramount consideration. Even parental love must yield to the claims of another, if, after due judicial investigation, it is found that the best interest of the children is subserved thereby.
The law applicable to this case is clearly stated in the often cited case of Newsome v. Bunch, 144 N.C. 15, where Walker, J., says: "The father is, in the first instance, entitled to the custody of his child. But this rule of the common law has more recently been relaxed and it has been said that where the custody of children is the subject of dispute between different claimants, the legal rights of parents and guardians will be respected by the courts as being founded in nature and wisdom, and essential to the virtue and happiness of society; still, the welfare of the infants themselves is the polar star by which the courts are to be guided to a right conclusion, and, therefore, they may, within certain limits, exercise a sound discretion for the benefit of the child, and in some cases will order it into the custody of a third person for good and sufficient reasons. In re Lewis, 88 N.C. 31; Hurd on Habeas *Page 780 Corpus, 528 and 529; Tyler on Infancy, 276 and 277; Schouler on Domestic Relations, sec. 428; 2 Kent's Com., 205. But as a general rule, and at the common law, the father has the paramount right to the control and custody of his children, as against the world; this right springing necessarily from and being incident to the father's duty to provide for their protection, maintenance and education. 21 A. E. Enc., 1036; 1 Blackstone (Sharswood), 452, and note 10, where the authorities are collected. This right of the father continues to exist until the child is enfranchised by arriving at years of discretion, `When the empire of the father gives place to the empire of reason.' 1 Blk., 452."
In Patrick v. Bryan, 202 N.C. 62, we find: "In Peck, Domestic Relations, 3d ed. (1930), chapter 18, p. 371, section 30, it is said: "The father has at common law an unquestioned right of custody and control over his minor children as against the mother, and still more clearly as against any third person.'" This rule, though it may at times be a harsh one, has been mollified only when the best interest of the children required it.
One cannot read the record in this case without being impressed with the tragic problem that is presented, and the well-nigh insurmountable barriers to its satisfactory solution. When father and mother cannot agree who shall have the care and nurture of those who are bone of their bone and flesh of their flesh, a grave responsibility is cast upon the court when it is called upon to make the determination. It is apparent that the judgment in this case was made only after careful and painstaking investigation and examination, and if it calls for sacrifices by the plaintiff she must be reminded that the court was compelled to deal with the facts as it found them and that "its foundation is the law of the land, which, as well as the moral law, oftentimes requires such offerings to be made." In re D'Anna,117 N.C. 462. The judgment is
Affirmed.