CHANIE ASHBY v. JAMES H. PAGE.

*Apprentices, Care and Custody of—Clerk of Court—The Code—Indigent Apprentices.*

1. When, upon appeal from the Clerk's refusal to have the infant daughter of the petitioner apprenticed to her husband, and from order apprenticing the child to his another, the Court below affirmed the order of the Clerk, upon the grounds that the defendant had had the child in his care and custody for several years, and had raised her up to her present age (eleven years), and still desired to keep her, and that the defendant was, and the husband of the petitioner was *not* a suitable person to bind the child to: *Held* to be error.

2. The statute, ch. 169, Acts of 1889, "in relation to indigent and other apprentices," does not confer jurisdiction upon the Clerk of the Court, under the facts of this case.

3. It does not appear that the child is a proper person to be bound out under either of the five cases mentioned.

4. The mother, if a suitable person, is entitled to the care and custody of the child, even though there be others more suitable.

This is an APPEAL from a judgment of *Gilmer, J.,* rendered at November Term, 1889, of the Superior Court of STOKES County, affirming the judgment of the Clerk of the Superior Court, refusing to grant the application of the

petitioner to have her infant daughter, Mary E. M. Calhoun, aged eleven years and five months, apprenticed to her husband, John H. Ashby, and apprenticing said infant to defendant.

The petition was filed May 6th, 1889.

Upon the hearing of the petition before the Clerk, John H. Page filed an answer, setting forth—

1. That he has had the care and custody of said Mary E. M. Calhoun for the last several years, and has raised her to the present age, and now objects to surrendering her to any person.

2. That said John Ashby, under the circumstances, would not be a suitable person to bind said child to.

3. That said James Page hereby applies to have said child apprenticed to him, and thinks, under the circumstances, he ought to be entitled to her, which he hopes to be able to show.

Afterwards, the Clerk rendered the following judgment: "This cause coming on for a hearing, and after a full investigation of the matter, and having all the evidence in said cause, and considering the same, I decline to apprentice or bind said Mary E. M. Calhoun to John Ashby.

"I further find that the child has a good home with James H. Page, and, therefore, think him to be the most suitable person to receive and care for said child. I therefore apprentice her to him. It is further adjudged that each party pay their own costs."

From this judgment the "plaintiff appealed to the Superior Court, and his Honor, upon the hearing before him, rendered judgment in the defendant's favor, affirming the judgment of the Superior Court Clerk. His Honor found only the facts set forth in the judgment."

From this judgment, the plaintiffs appealed to the Supreme Court, and assigned as errors—

1. That, upon the facts, the custody of the infant should have been awarded to the said John H. Ashby.

2. Upon the facts admitted in the pleadings, and those found in the judgment, the child should, in law and justice, have been delivered to the petitioner as a matter of right, or its custody bestowed upon the said James H. Ashby, as requested by her in her petition.

*Mr. R. B. Glenn,* for plaintiff.
*Mr. C. B. Watson,* for defendant.

DAVIS, J.: The judgment of the Court below seems to have been based upon the assumption that it was within the discretion of the Court to apprentice the child to "the most suitable person to raise and care" for her, and provide for her "a good home," for these are the only facts found. This is a misapprehension of the law.

Chapter 169 of the Acts of 1889, "in relation to indigent and other apprentices" (by which the present case is governed), authorizes the Clerk to apprentice (1) "All orphans whose estates are of so small value that no person will educate and maintain them for the benefit thereof; (2) all infants whose fathers have deserted their families and been absent six months; (3) any poor child who is, or may be, chargeable to the county, or who shall beg alms; (4) any child who has no father, and the mother is of bad character, or suffers her children to grow up in habits of idleness, without any visible means of obtaining an honest livelihood; (5) all infants whose parents do not habitually employ their time in some honest, industrious occupation."

The only facts found are set out in the judgment, and they do not bring Mary E. M. Calhoun within any one of the five clauses mentioned in the statute, and it does not appear from them that she is a proper subject to be bound out at all.

If the mother be a suitable person, and the child does not come within any of the clauses mentioned, she is entitled to its custody, even though some other may be "more suitable." *Mitchell* v. *Mitchell*, 67 N. C., 307.

Error.