IN THE MATTER OF DOROTHY JEAN SHELTON.

(Filed 15 June, 1932.)

1. **Adoption A a—Where mother of minor child is not a party to adoption proceedings order of adoption is void as to her.**

   An order of adoption of a minor child when the mother of the child is not a party to the proceeding is void as to such mother notwithstanding the amendment to C. S., 185 by chap. 171, Public Laws of 1927.

2. **Parent and Child A c—In this case held: mother of illegitimate child was entitled to its custody as against respondents.**

   The parents of a child have a natural right to its custody and control, but this right is not absolute and is subject to modification where the interests of the child clearly requires it, but the mother of an illegitimate child, if a suitable person, is entitled to the custody of the child even though there be others more suitable, and where, in a *habeas corpus* proceeding brought by the mother of an illegitimate child for its custody, the court finds that such mother is a person of good character and has since married, but that her husband was not the father of the child, and that the mother and her husband are willing and able to take care of the child, and that the order of adoption secured by the respondents was void as to the mother because she was not a party to the proceedings, and there is no finding that the mother had forfeited her rights by abandoning *the child or was not a suitable person for its custody: Held,* an order granting the custody of the child to the respondents is error and will be reversed on appeal, the finding of the court that it was to the best interests of the child that it remain with the respondents not being controlling in view of the other findings.

APPEAL by Effa Burnette, petitioner, from *Stack, J.,* at January Term, 1932, of HAYWOOD. Reversed.

This is a proceeding on the return to a writ of *habeas corpus* issued upon the petition of Effa Burnette.

The petitioner is the mother of Dorothy Jean Shelton, who is now about three years of age. She was born in the city of Asheville, N. C., on 28 February, 1929. At the date of her birth, her mother, the petitioner, was not married. Soon after her birth, the petitioner with her infant child went to the home of the respondents, E. P. Haynes and

his wife, Amy Haynes, in the town of Canton, N. C., where she and the said child remained until the child was about six months of age. During this time, the petitioner by her services in the home of respondents, earned her board and lodging for herself and child. At the end of six months, the petitioner left the home of the respondents and returned to the city of Asheville, where she has since resided. She left her infant child in the custody of respondents, because at that time she had no home into which she could take the child. From time to time she visited the child in the home of the respondents, and at all times has manifested her interest and affection for her. On 12 September, 1931, the petitioner was married to Harold Burnette, in the city of Asheville, and now resides in said city with her husband. Both she and her husband, who is not the father of Dorothy Jean Shelton, are able and willing to provide a suitable home for the child, where she will be under the care and in the custody of her mother, the petitioner.

The respondents have refused to surrender the child to the petitioner, contending that they have the right to her custody under and by virtue of an order of adoption, made by the clerk of the Superior Court of Haywood County, on 4 June, 1929, in a proceeding instituted before said clerk by the respondents for the adoption by them of said child. The petitioner, the mother of said child, was not a party to said proceeding, and alleges in her petition that for that reason the order under which the respondents claim the right to the custody of Dorothy Jean Shelton, is void.

The respondents in their answer to the petition, admit that the petitioner was not a party to the proceedings in which the order of adoption under which they claim the right to the custody of the child, was made, but allege that said proceeding was instituted at the request and said order was made with the consent of the petitioner. They allege that relying upon said order, they have had the care and custody of said child, and that both the respondents are now greatly attached to her, and desire to retain her in their custody, that they may fully perform their duty to said child.

After hearing the evidence offered by both the petitioner and the respondents, the court rendered judgment as follows:

"This cause coming on to be heard before his Honor, A. M. Stack, judge presiding, and holding said term of court, and the same being heard upon the petition filed by Effa Burnette for the possession of Dorothy Jean Shelton, under a writ of *habeas corpus* issued in said cause, and upon the answer filed by the respondents, E. P. Haynes and Amy Haynes, and after hearing the petition and answer, and all the evidence offered by both the petitioner and the respondents, the court finds the following facts, to wit:

"That in the month of February, 1929, petitioner gave birth to an illegitimate child, the same being the child in question, in the Mission Hospital in the city of Asheville; that thereafter, the said mother and child were brought to the home of respondents in the town of Canton, when the child was about a month old; that petitioner gave her name at said time as Mrs. Shelton, but later it was ascertained that her true name was Effa Metcalf; that said Effa Metcalf remained in the home of said respondents most of the time until August, 1929, when she went away and left the child in the care, control and custody of the respondents; and that since said date, the said Effa Metcalf, now Mrs. Effa Burnette, has not contributed anything to the support and maintenance of said child, except a few clothes and some presents.

"That on 12 September, 1931, the said Effa Metcalf married Harold Burnette who is not the father of said child; that she and her said husband are now residing in West Asheville; that her said husband has regular employment with Allport Storage Company, and makes approximately $25.00 per week; that the petitioner has employment, and is making $12.50 per week; that the said petitioner and her husband have no property except about $50.00 in money. The court finds as a fact that the said Effa Burnette is a woman of good character at this time, and also that her said husband is a man of good character, and that both said parties are regular church attendants.

"The court further finds as a fact that the said E. P. Haynes and his wife, Amy Haynes, are people of excellent character; that they live in the town of Canton, N. C., and are worth approximately the sum of four to five thousand dollars; that they have a good home and live near good schools and churches. The court finds as a fact that for almost three years the said respondents have taken care of, provided for, looked after and rendered everything necessary to the comfort, health and happiness of the said Dorothy Jean Shelton.

"The court further finds as a fact that the said Mr. and Mrs. E. P. Haynes have been married about 25 years, and have no children of their own; that they are very fond of said child, and love it as if it were their own, and the court finds as a fact that they are well qualified both morally and financially to have the permanent care, tuition and control of the said Dorothy Jean Shelton.

"The court further finds as a fact that the said E. P. Haynes and his wife, Amy Haynes, instituted a proceeding in the Superior Court of Haywood County on 4 June, 1929, for the adoption of said child, but the said mother of said child was not made a party to said proceeding; the court finds as a fact that said mother was not made a party to said proceeding because she did not want her identity known, and did not

want her parents to know that she had given birth to an illegitimate child, but that she did have knowledge that said proceedings was brought, and that the child had been adopted by an order of the clerk of the Superior Court of Haywood County, on 4 June, 1929.

"The court finds that said proceeding was void and not binding on the petitioner, she not being made a party to the same, although she had actual notice of same and made no objection at the time.

"The court further finds as a fact that the mother of said child, and her husband, have not contributed anything to the support and maintenance of said child; that the mother of said child, the petitioner, left the said child in the care and control of the respondents when the child was about six months of age; the court further finds that said child was sick a great deal of the time for the first two years of its life, and that the respondents took the best of care of said child.

"The court finds as a fact that it is to the best interest of said child that it remain in the home of the respondents and that the respondents are better prepared to care for, educate and maintain said child.

"It is therefore ordered, adjudged and decreed by the court that said child remain in the custody and management of said respondents, until the further orders of this court, and that the mother of said child be permitted to visit said child in the home of said E. P. Haynes without being molested."

From this judgment, the petitioner, Effa Burnette, appealed to the Supreme Court.

*Jones & Ward for petitioner.*
*Grover C. Davis for respondents.*

CONNOR, J. The law in this State recognizes the natural right of parents to the custody and control of their child or children during infancy. Thus in *Brickell v. Hines,* 179 N. C., 254, 102 S. E., 309, *Hoke, J.,* says: "It has been held in several recent decisions, where the question was directly considered, that parents have prima facie the right to the custody and control of their infant children, and that the same being a natural and substantive right, may not be lightly denied, or interfered with by action of the courts. It is further held in these and other cases that this right of the parents is not universal and absolute, but that the same may be modified and disregarded when it is made to appear that the welfare of the child clearly requires it. *In re Warren,* 178 N. C., 43, 100 S. E., 76; *In re Means,* 176 N. C., 307, 97 S. E., 39; *Atkinson v. Downing,* 175 N. C., 244, 95 S. E., 987, the last case citing among others *In re Fain,* 172 N. C., 790, 90 S. E., 928;

*In re Mary Jane Jones,* 153 N. C., 312, 69 S. E., 217; *Newsome v. Bunch,* 144 N. C., 15, 56 S. E., 501; *In re Alderman,* 157 N. C., 507, 73 S. E., 126; *In re Turner,* 151 N. C., 474, 66 S. E., 431; *In re Samuel Parker,* 144 N. C., 170, 56 S. E., 878. It is also the accepted position, as pertinent to the facts of this record, that, when an infant child has been duly adopted, pursuant to legislative provision and before a court having jurisdiction of the cause and the parties, this right of the natural parent, under the regulations usually prevailing in such cases, as to the care, custody and control of the child, is thereby transferred to the adopting parents, and the force and effect of the proceedings and decree will follow the parties on a change of domicile and control the personal relationship existent between them. The right of the adopting parents, however, is usually no greater than that of the natural, and as said in *Downing's case,* 'Here, too, the welfare of the child is entitled to full consideration, and on special facts, may become controlling in the disposition of its custody.' " In that case judgment awarding the custody of her illegitimate child to the mother, who had married since its birth, and was found by the court to be a suitable person to have its custody and control, was affirmed, although the respondent had adopted the child pursuant to an order entered in a proceeding to which the mother was a party. The court found that it was to the best interest of the infant child that she be placed in the custody of her natural parents, and that her future welfare will be thereby materially promoted.

In the instant case, the court found that the order of adoption under which respondents claim the right to the custody of the infant child of the petitioner, is void, for the reason that petitioner was not a party to the proceeding in which the order was made. *Truelove v. Parker,* 191 N. C., 430, 123 S. E., 295. Notwithstanding the amendment to C. S., 185, by chapter 171, Public Laws 1927, the order is void as to the petitioner, the mother of the child. In view of this finding to which there was no exception, the respondents have no legal right to the custody of the child, and in the absence of a finding by the court that the petitioner had wilfully abandoned her child, the petitioner has not forfeited her legal right to such custody. For this reason, the finding by the court that it is to the best interest of the child that she remain in the home of the respondents, and in their custody, is not controlling. As there was no finding of fact that the petitioner is not a suitable person to have the custody and control of her child, she has not forfeited her natural and legal right to such custody and control. It is well settled as the law of this State that the mother of an illegitimate child, if a suitable person, is entitled to the care and custody of the child, even though there be others who are more suitable. *Ashby v. Page,* 106

N. C., 328, 11 S. E., 283. As it appears from the findings of fact made by the court that the petitioner has not been deprived of her legal right to the custody of her child by a valid order of adoption by the respondents, and has not forfeited such right by a wilful abandonment of the child, and is a suitable person to have its care and custody, there is error in the judgment awarding the custody of the child to the respondents.

To the end that judgment may be entered awarding the custody of the child to the petitioner, the judgment is

Reversed.