This is a proceeding for the adoption of Ann Foster, the minor child of Mildred Foster, now Mildred Van de Sande, wife of J. N. Van de Sande.
The proceeding was begun on 11 September, 1933, by a petition filed with the clerk of the Superior Court of Mecklenburg County, by Norman D. Doane and his wife, Cleora C. Doane, under the provisions of chapter 207, Public Laws of North Carolina, 1933.
An order was entered in the proceeding by the court directing the superintendent of public welfare of Mecklenburg County to make a careful and thorough investigation of the matters alleged in the petition, and to report, in writing, to the court his findings with respect to said matters.
After the report of the superintendent of public welfare had been filed, an interlocutory order was entered in the proceeding by the court, by which the child, Ann Foster, was committed to the custody and care of the petitioners, Norman D. Doane and his wife, Cleora C. Doane, for a term of one year, and until a final order of adoption should be entered in the proceeding in accordance with the prayer of the petition. It was provided in said interlocutory order that if a final order of adoption should be made in the proceeding the said final order should be retroactive, and be deemed to have been effective to all intents and purposes from the date of the filing of the petition. It was further provided therein that pending the making of a final order of adoption, the said Ann Foster should be and remain the ward of the court, and should be under the supervision of the superintendent of public welfare of Mecklenburg County. The interlocutory order was entered on 21 September, 1933.
Before the expiration of one year from the date of the said interlocutory order, to wit: On or about 1 March, 1934, Mildred Van de Sande and her husband, J. N. Van de Sande, filed a petition in the proceeding in which on the facts alleged therein they prayed the court to vacate and set aside the interlocutory order entered on 21 September, 1933, to remand the said Ann Foster to the custody and care of the petitioners, and to dismiss the proceeding.
The original petitioners, Norman D. Doane and his wife, Cleora C. Doane, filed an answer to the petition of Mildred Van de Sande and her husband, J. N. Van de Sande, in which on the facts alleged therein they prayed the court to deny the prayer of said petition, and to make a final order of adoption in the proceeding in accordance with the prayer in their petition. The proceeding was thereupon docketed in the Superior Court of Mecklenburg County for the trial of issues of fact raised by the pleadings.
The proceeding was heard at June Special Term, 1935, of the Superior Court. At said hearing a trial by jury of the issues of fact raised *Page 491 
by the pleadings was waived, and by consent of the parties the judge heard the evidence and found the facts, which are substantially as follows:
1. The petitioner, Mildred Van de Sande, prior to her marriage to the petitioner, J. N. Van de Sande, on 20 October, 1930, at Greensboro, N.C. gave birth to an illegitimate child, who is the child referred to in the petitions in this proceeding as Ann Foster. The petitioner, J. N. Van de Sande, is not the father of said child. At the date of its birth, Mildred Van de Sande, who was then Mildred Foster, was about nineteen years of age. She lived with her father and mother in their home in the city of Charlotte, Mecklenburg County, North Carolina. After the birth of her child, Mildred Foster returned, with her child, to the home of her father and mother in the city of Charlotte, and continued to live in said home, with her child, until 15 July, 1932. During this time she was wholly dependent upon her father and mother for the support of herself and of her child. Both her parents resented the presence of the child in their home and insisted that if the said Mildred Foster continued to live with them she must make provision for her child elsewhere. The attitude of her parents towards her and towards her child made the said Mildred Foster very unhappy. Finally, on or about 15 July, 1932, some time after she had attained the age of twenty-one, and when her child was nearly two years of age, Mildred Foster delivered her child, Ann Foster, to a representative of the Junior League of the city of Charlotte, and at the same time signed a paper writing in words as follows:
"PARENT'S RELEASE.
"NORTH CAROLINA — MECKLENBURG COUNTY.
"I, Mary Foster, mother of Ann Foster, a minor child, born on the 20th day of October, 1930, at 502 S. Cedar Street, Greensboro, county of Guilford, State of North Carolina, hereby relinquish all right, care, and custody of the said Ann Foster to the Superintendent of Public Welfare, county of Mecklenburg, State of North Carolina, and hereby give my consent to the said Ann Foster being legally adopted for life by person or persons approved by the Superintendent of Public Welfare of the county of Mecklenburg, State of North Carolina; and hereby give my consent to the name of the said child being changed to such name as the foster parents may select.
"I, Mary Foster, hereby give my consent to the above voluntarily, of my own free will and accord, without force or duress of any kind.
MARY FOSTER. (Seal.)
"Sworn to and subscribed before me, this the 14th day of July, 1932.
 "(Notarial Seal.) WINIFRED B. KENDRICK, Notary Public." *Page 492 
2. On the day she signed the release, and delivered her child to the representative of the Junior League, Mildred Foster was informed that when the child was removed from her home its whereabouts thereafter would be unknown to her. She said, "It is breaking my heart to give up my baby, but there is nothing else to do." She was distressed and unhappy, nervous and worried by the attitude of her parents, which compelled her to give up her child.
3. Immediately after the child was delivered by Mildred Foster to the representative of the Junior League of the city of Charlotte, it was taken before the judge of the domestic relations court of the city of Charlotte, who, after a hearing, adjudged the said child to be dependent and neglected, and thereupon, at their request, ordered that the said child be placed in the custody and care of Norman D. Doane and his wife, Cleora C. Doane, for a period of six months, with the privilege at the expiration of said period of instituting a proceeding for the adoption by them of said child. At this hearing the release signed by Mildred Foster, mother of Ann Foster, was exhibited to the court. She had, however, no notice of said hearing or of the entry of the order with respect to the custody and care of Ann Foster. Pursuant to this order, Ann Foster was placed in the custody and care of Norman D. Doane and his wife, Cleora C. Doane, where she has remained since the date of said order.
4. The petitioners, Mildred Van de Sande and J. N. Van de Sande, were married to each other during the month of August, 1933. Before their marriage, Mildred Van de Sande informed J. N. Van de Sande of the birth of Ann Foster, and of the circumstances under which she had surrendered the possession of her child. Soon after their marriage, in August, 1933, Mildred Van de Sande appeared in the domestic relations court of the city of Charlotte and moved that the motion of the custody of Ann Foster be reopened. The motion was denied, and the said Mildred Van de Sande appealed, but subsequently abandoned her appeal. Thereafter, both Mildred Van de Sande and her husband, J. N. Van de Sande, visited Ann Foster in the home of Norman D. Doane and his wife, Cleora C. Doane, but made no demand for the possession of the said Ann Foster.
5. The original petition in this proceeding was filed on 11 September, 1933; no notice of the filing of the said petition or of the pendency of this proceeding for the adoption of Ann Foster by Norman D. Doane and his wife, Cleora C. Doane, was given to Mildred Van de Sande or to her husband, J. N. Van de Sande. On or about 1 March, 1934, the said Mildred Van de Sande and her husband, J. N. Van de Sande, filed their petition in the proceeding, and thereby made themselves parties to the proceeding for all purposes as if they had been made parties at the commencement of the proceeding. *Page 493 
6. Norman D. Doane and his wife, Cleora C. Doane, "during the period that Ann Foster has been in their custody, have given her the best of care and attention, have made plans for the future welfare of said child, and are in all respects willing and amply able to provide a good home for her and give her a good education; they are both persons of splendid character and reputation."
7. Mildred Van de Sande and J. N. Van de Sande are happily married to each other; at the date of the commencement of this proceeding they were both residents of the city of Charlotte, but have since moved to the State of Pennsylvania, where they now reside; they have a good home in which the child, Ann Foster, could be cared for, supported, and educated; J. N. Van de Sande is employed by a large corporation and receives a salary of from $175.00 to $200.00 per month; he has prospects of promotion and of increase in salary; he is ready, willing, and able to care for, support, and educate Ann Foster if she be committed to the custody and care of his wife, Mildred Van de Sande. Both Mr. and Mrs. Van de Sande are persons of good character and are suitable persons to have the custody and care of Ann Foster.
8. "The interest, education, and future welfare of the said child will be best promoted and cared for in the home of Mr. and Mrs. Norman D. Doane, and it will be for the best interest of said child, Ann Foster, that she remain in the home of Mr. and Mrs. Doane, whom she knows as her father and mother, and a final decree of adoption awarding the custody of the said child to Mr. and Mrs. Norman D. Doane, for life, should be made in this proceeding, with an order that the name of said child shall be changed to Ann Doane."
On the foregoing facts, it was considered, ordered, and adjudged by the court (1) that the petition of Mildred Van de Sande and her husband, J. N. Van de Sande, be denied; and (2) that the petition of Norman D. Doane and his wife, Cleora C. Doane, be allowed.
From judgment ordering that letters of adoption be issued in this proceeding to Norman D. Doane and his wife, Cleora C. Doane, and that the name of Ann Foster be changed to Ann Doane, in accordance with the prayer of the original petition, Mildred Van de Sande and her husband, J. N. Van de Sande, appealed to the Supreme Court, assigning error in the judgment.
It is well settled as the law of this State that the mother of an illegitimate child, if a suitable person, is entitled to the custody and care of such child, even though there be others who are more suitable. Inre Shelton, 203 N.C. 75, 164 S.E. 332; Ashby v. Page, *Page 494 106 N.C. 328, 11 S.E. 283. The right of the mother to the custody and care of such child, which the law recognizes, and which in proper cases the courts will enforce, may, however, be forfeited or relinquished by her. The right is not universal or absolute. Brickell v. Hines, 179 N.C. 254,102 S.E. 309. It must yield to the best interest of the child, as determined by the mother, or by the courts. Atkinson v. Downing, 175 N.C. 244,95 S.E. 487.
In the instant case, at the time she voluntarily delivered her child into the possession of a representative of the Junior League of the city of Charlotte and agreed in writing that her child might thereafter be adopted in a proper proceeding by any person or persons, who should be approved by the superintendent of public welfare of Mecklenburg County, the mother relinquished her right to its custody and care in the future, and waived her right to notice of any proceeding thereafter instituted for its adoption. She has no just cause of complaint that no notice was given to her of the commencement or of the pendency of this proceeding. The circumstances as disclosed by the record under which she surrendered her child and agreed to its adoption by a stranger excite sympathy for her, but cannot be invoked to restore to her rights which she voluntarily relinquished.
The facts found by the court show that the petitioners in this proceeding relied upon the voluntary act of the mother of the child, and thereby assumed obligations to the child, which were properly considered and deemed determinative by the court in its disposition of the matters involved in this proceeding.
We find no error in the judgment. It must be and is
Affirmed.