AILEEN HARDEE WALL v. MIMIE HARDEE.

(Filed 4 June, 1954.)

**1. Habeas Corpus § 3—**

The resident judge of the district has jurisdiction to hear a special proceeding under G.S. 50-13, brought and heard after notice to all parties.

**2. Bastards § 12—**

The mother of an illegitimate child is its natural guardian and has legal right to its custody, care and control, if a suitable person, even though others may offer more material advantages in life for the child. This rule is not absolute, and the custody of the child may be awarded to another when it clearly and manifestly appears that the best interest and welfare of the child demand it.

**3. Same—**

It is necessary to support an order of the court awarding permanent custody of an illegitimate child to its nonresident mother that the court find that such permanent removal from the State would be for the best interest and welfare of the child.

**4. Appeal and Error § 50—**

Where the findings of fact are insufficient to support the judgment, the cause will be remanded.

JOHNSON, J., concurs in the result.

APPEAL by respondent from *Frizzelle, Resident Judge* of the Fifth Judicial District, in chambers at Snow Hill, 5 September 1953. PITT.

Special proceeding by petitioner to obtain the custody of her six year old illegitimate son from the respondent, who is a sister of petitioner.

The facts found by the judge essential to a decision by us follow. The child, Harry Anthony Hardee, is living in a house on a small farm located three or four miles from Greenville, North Carolina, in the custody of Mimie Hardee, the respondent. In this house live the respondent, the mother of respondent and petitioner, a white man, who helps operate the farm, and Harry Anthony Hardee. Mimie Hardee has had custody of the child immediately after its birth, and for the last three years has had exclusive control and custody of the child. For the first three years of the child's life there may have been joint custody of respondent with the mother at respondent's home. On 8 November 1948 the petitioner married Atley Thomas Wall, who is employed with a building contractor in Washington, D. C., and earned in 1952 $4,345.33. They have two small

children about 3 years of age. "That the home of the petitioner is a fit place in which to rear the infant child Harry Anthony Hardee, and that Atley Thomas Wall testified that if custody of said child was awarded his wife, it was their intention to take the necessary steps legally to adopt said child so that said child would have the same status at law as the children naturally born to the said Atley Thomas Wall and Aileen Hardee Wall. That Aileen Hardee Wall, petitioner herein, is of good moral character and bears a good reputation at this time."

Upon the facts found, the judge made these conclusions of law. The petitioner is the natural mother of Harry Anthony Hardee, and as such has the primary, natural and legal right to custody and control of the child; the burden of showing the unsuitability of petitioner by reason of bad moral character and the lack of fitness to have custody of the child is upon the respondent, and the respondent has failed to carry such burden.

Whereupon the Judge awarded permanent custody of Harry Anthony Hardee to petitioner.

The respondent excepted to the judgment, and appealed assigning error.

*Sam B. Underwood, Jr., for Petitioner, Appellee.*
*James & Speight, for Respondent, Appellant.*

PARKER, J. This special proceeding is brought under G. S. N. C. 50-13, and was heard after notice by the resident judge of the district in his district. All parties were present with counsel and witnesses. Judge Frizzelle had jurisdiction. *In re Cranford,* 231 N.C. 91, 56 S.E. 2d 35.

It is well settled law in this jurisdiction that the mother of a bastard child is its natural guardian, and, as such, has a legal right to its custody, care and control, if a suitable person, even though others may offer more material advantages in life for the child. The mother's right is based upon the ground that there is frequent doubt as to the child's father, and that the mother, nearest in interest and affection to the child, will best promote its welfare. *In re Cranford, supra; In re Shelton,* 203 N.C. 75, 164 S.E. 332; *Ashby v. Page,* 106 N.C. 328, 11 S.E. 283. This seems to be the universal rule. Anno. 51 A.L.R. 1507; 7 Am. Jur., Bastards, Sec. 61.

This rule is not absolute. There have been, and will be, cases where the best interests of the bastard child required that its custody be taken from the mother, and placed elsewhere. While the courts are reluctant to do this, for reasons real as well as apparent, they do not hesitate, where it clearly and manifestly appears the best interests and welfare of the child demand it. *In re Cranford, supra; In re Foster,* 209 N.C. 489, 183 S.E. 744; *In re Shelton, supra;* Anno. 51 A.L.R. 1510; 7 Am. Jur.,

Bastards, Sec. 65. It is true the mother may have erred prior to its birth. She may have "loved not wisely but too well." Yet there is a *locus penitentiae. Pierce v. Jeffries,* 103 W. Va. 410, 137 S.E. 651, 51 A.L.R. 1502 and Annotation. See *Judd v. Van Horn* (Va.), 81 S.E. 2d 432.

The petitioner and her husband live in Riverdale, Maryland, near Washington, D. C., and if she is awarded the custody of Harry Anthony Hardee, she will carry him there. Judge Frizzelle's order awarding permanent custody of the child to petitioner permits his removal from North Carolina.

This Court said in *In re DeFord,* 226 N.C. 189, 37 S.E. 2d 516: "The rule that the removal from the State of a child whose custody is at issue will not be permitted is not an absolute or arbitrary principle and may be departed from when it is clearly manifested that the welfare of the child requires it." See also *Griffith v. Griffith, ante,* p. 271, 81 S.E. 2d 918.

Judge Frizzelle found as facts that the home of the petitioner is a fit place in which to rear Harry Anthony Hardee, and that petitioner is of good moral character, and bears a good reputation at this time. He apparently deemed such findings of fact sufficient to award the custody of Harry Anthony Hardee to his non-resident mother, for he made no findings of fact that such permanent removal from the State would be for the best interests and welfare of the child. The conclusion seems patent that the trial judge found insufficient facts. *In re DeFord, supra; Griffith v. Griffith, supra.*

One of the gravest responsibilities that can be placed upon a court—and one of the most heart searching—is to determine the proper custodian of a child. Courts should ever bear in mind that children are not chattels, but intelligent and moral beings, and their happiness and welfare is a matter of prime consideration.

In order that the evidence may be considered, the facts found, and judgment entered in accord with the law set forth in *In re DeFord, supra;* and in *Griffith v. Griffith, supra,* the facts found are set aside, the judgment reversed, and the proceeding is remanded.

Error and Remanded.

JOHNSON, J., concurs in result.