DOROTHY BROWNING v. VIRGINIA BRITT HUMPHREY.

(Filed 15 December, 1954.)

**1. Appeal and Error § 6c (3)—**

An exception to the finding of facts which does not point out any particular finding to which the exception is taken, is a broadside exception and does not raise the question of the sufficiency of the evidence to support the findings or any one or more of them.

**2. Appeal and Error § 40d—**

Where the evidence is not in the record, it will be presumed that the findings of fact are supported by evidence.

**3. Bastards § 12—**

The mother of an illegitimate child is its natural guardian, and has a legal right to its custody, care, and control if a suitable person, even though others may be able to offer more material advantages for the child. The right of a mother to the custody of her illegitimate child is not absolute, but must yield to the best interests of the child, and the mother may forfeit or relinquish her right.

**4. Same—**

The mother signed a consent for the adoption of her illegitimate child while in the hospital where it was born, withdrew her consent about a month later, and a few months after the child's birth wrote that she was giving the custody permanently to the respondent. Respondent furnished the sole support and maintenance for the child for some eight years. The court found that the best interests of the child would be promoted by permitting him to remain in the custody of the respondent, and awarded custody to respondent. *Held:* The decree awarding custody of the child to respondent is proper.

APPEAL by petitioner from *Clifton L. Moore, Resident Judge,* April Term 1954 of NEW HANOVER.

Special proceeding by petitioner to obtain the custody of her seven year old illegitimate son from the respondent, who is not related by blood to the child.

The judge found these facts: In 1946 while petitioner's husband was serving overseas in the Army, she became pregnant with this child by another man. She attempted to make arrangements for its adoption after birth, so that her husband would not learn of her misconduct. Pursuant to an agreement between petitioner and respondent, they went to Norfolk, Virginia, where petitioner entered a hospital under respondent's name. When the child was born 24 May 1947, the child was turned over to respondent by petitioner. In the hospital petitioner signed a consent for its adoption, but withdrew it about a month later. In September 1947 petitioner wrote respondent and the Norfolk Welfare Department that she was giving the child to respondent permanently. This child has lived with, been supported by, maintained and cared for by the respondent since his birth. That respondent has a comfortable four-room house in a public housing area in Wilmington, and the child has a room to himself. Respondent has been a good home maker, and has given the child excellent care. Respondent is intelligent and has devoted herself fully to the rearing of the child. The child is making satisfactory progress in school work, and is well adjusted to his schoolmates and to his home. The respondent is a fit and suitable person to have the custody of the child, and his welfare "will be best promoted by permitting him, to remain in the custody of the respondent."

Whereupon the judge awarded custody of the child to respondent.

The petitioner excepted to the findings of fact, ruling of the court, and to the signing of the judgment, and appealed.

*J. H. Ferguson for Petitioner, Appellant.*

*No Counsel for Appellee.*

PARKER, J.   The sole exception is to the signing of the judgment, the ruling of the court, and to "the finding of facts."   "This is a broadside exception which merely challenges the sufficiency of the facts found to support the judgment entered."   *Warshaw v. Warshaw,* 236 N.C. 754, 73 S.E. 2d 900.

This exception fails to point out the particular finding of fact to which exception is taken.   This is not sufficient to raise the question that there is no evidence to support the findings, or any one or more of them.   *Vestal v. Vending Machine Co.,* 219 N.C. 468, 14 S.E. 2d 427.

R., p. 16, states: "Thereafter the petitioner and the respondent gave oral testimony and offered witnesses . . ."   This evidence is not in the Record.   Therefore, it is presumed that there was sufficient evidence to support the findings.   *Vestal v. Vending Machine Co., supra,* and cases therein cited.

It is well settled law in this State, and it seems to be universally so held, that the mother of an illegitimate child is its natural guardian, and, as such, has the legal right to its custody, care and control, if a suitable person, even though others may offer more material advantages in life for the child.   *Wall v. Hardee,* 240 N.C. 465, 82 S.E. 2d 370; *In re Cranford,* 231 N.C. 91, 56 S.E. 2d 35; *In re Shelton,* 203 N.C. 75, 164 S.E. 332; *Ashby v. Page,* 106 N.C. 328, 11 S.E. 283; Anno. 51 A.L.R. 1507; 7 Am. Jur., Bastards, Sec. 61.

We said in *In re Foster,* 209 N.C. 489, 183 S.E. 744: "The right of the mother to the custody and care of such child, which the law recognizes, and which in proper cases the courts will enforce, may, however, be forfeited or relinquished by her.   The right is not universal or absolute. *Brickell v. Hines,* 179 N.C. 254, 102 S.E. 309.   It must yield to the best interests of the child, as determined by the mother, or by the courts. *Atkinson v. Downing,* 175 N.C. 244, 95 S.E. 487."

In the instant case petitioner in the hospital where the child was born signed a consent for its adoption, though she withdrew it about a month later; and a few months after the child's birth, petitioner wrote respondent and the Norfolk Welfare Department that she was giving the child permanently to the respondent.   It would seem that by such acts petitioner relinquished her right to its custody in the future.   Respondent has furnished the sole support and maintenance for the child.   Undoubtedly she loves the child as if he were her own flesh and blood.   What was said in *In re Foster, supra,* would seem to be controlling: "The circumstances as disclosed by the record under which she surrendered her child and agreed to its adoption by a stranger excite sympathy for her, but cannot be invoked to restore to her rights which she voluntarily relinquished."

In *Wyness v. Crowley*, 292 Mass. 461, 198 N.E. 758, the third headnote succinctly and accurately states the question decided. It reads: "Where mother informed physician that she would be physically and financially unable to care for infant and requested him to find foster parents therefor, and mother gave written consent to adoption of infant, and delivered infant to foster parents, mother could not withdraw consent to adoption before entry of final decree especially where infant had been in care of foster parents for one and one-half years and foster parents were willing and able to rear child (G. L. (Ter. Ed.) c. 210, Sections 2, 4, 5, 5A, 6)."

The seventh headnote in *Appeal of Weinbach*, 316 Pa. 333, 175 A. 500, is as follows: "In proceeding for adoption of illegitimate child, opposed by child's mother, evidence including evidence that mother signed paper authorizing a bureau to place child for adoption sustained finding that mother had abandoned child, and warranted orphans' court decree that child's welfare would be promoted by adoption (1 P.S., Sec. 2 (c))."

The judge below did not find that petitioner was a suitable person to have the custody of the child.

The judgment is
Affirmed.