CAROLYN CHRISTIE (PRETLOW) JAMES, PETITIONER, v. RUTH RAINES PRETLOW, RESPONDENT.

(Filed 13 April, 1955.)

**1. Appeal and Error § 6c (2)—**

A sole exception to the signing of the judgments presents the one question whether the facts found are sufficient to support the judgment.

**2. Appeal and Error § 40d—**

When there are no exceptions to the findings of fact, it will be presumed that they are supported by evidence, and they are binding on appeal.

**3. Parent and Child § 4a—**

Where one parent is dead, the surviving parent has a natural and legal right to the custody and control of their minor children, and while this right is not absolute, it will be interfered with or denied only when the welfare of the children clearly requires it for the most substantial and compelling reasons.

**4. Same—**

While the preferences of the children will be given weight in accordance with their age and intelligence in determining their custody, in a contest between a parent and one not connected by blood to the children, such preferences will not ordinarily prevail over the natural right of the parent, unless essential to the children's welfare.

**5. Same—**

In this special proceeding to determine the custody of children as between their mother and their stepmother, their father being dead, the court found that the mother, stepmother, and the father, a few days before the father's death, had agreed that the children should stay with their father and stepmother during the scholastic year. *Held:* The best interest and the welfare of the children demand that their custody for the school year be not disturbed, and that part of the judgment awarding their custody to their stepmother for the balance of the current school year is affirmed.

.

JAMES *v.* PRETLOW.

**6. Same—Findings held insufficient to support judgment awarding custody of children to stepmother in preference to mother.**

In this special proceeding to determine the custody of children as between their mother and their stepmother, their father being dead, the court found that their father had set up a trust agreement to provide for the children's support and education and had appointed their stepmother as trustee for that purpose, and that the children wished to live with their stepmother so that they might continue to attend the same high school, but there were no findings clearly and plainly showing that the interests and welfare of the children would be promoted by awarding their custody to their stepmother. *Held:* In the absence of such findings, the custody of the children should have been awarded to their mother after the end of the current school year, and the judgment awarding their custody to their stepmother after the expiration of the current school year is thus modified.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by petitioner from *Burgwyn, Emergency Judge,* Special August Term 1954 of CARTERET.

Special proceeding brought under the provisions of G.S. 50-13 to determine the custody of the 16 year old twins, Carolyn Ann Pretlow and Robert Joel Pretlow: petitioner Carolyn Christie James is their mother, and respondent Ruth Raines Pretlow is their stepmother.

The facts found by the Judge material for decision of this appeal are these: Petitioner and James Paddison Pretlow, Sr. were married in March 1934, and the twins, Carolyn Ann Pretlow and Robert Joel Pretlow, were born of that marriage on 16 February 1939 in Wilmington, North Carolina. On 18 April 1941 petitioner secured a divorce in the State of Florida from her husband, and shortly thereafter married her present husband, John James, Jr., who, since August 1953, has practiced law in Beaufort, North Carolina. After the divorce James Paddison Pretlow, Sr. married Ruth Raines Pretlow, the respondent. On 16 August 1954 James Paddison Pretlow, Sr. was killed in an automobile wreck. For the last few years of his life the custody of the twins had been divided between their father living in Brunswick County with his wife, the respondent, and petitioner. By agreement between their parents the twins, during the school year 1953-1954, lived with their father and respondent, and attended Chestnut Street High School in Wilmington. After the scholastic year 1953-1954 ended, the twins lived with petitioner but returned to their father's home to attend his funeral. About 12 August 1954, the father and mother of the twins and their stepfather agreed that the twins should live with their father and respondent during the scholastic year 1954-1955 in order to attend the New Hanover High School in Wilmington. Although the twins agreed with their stepfather to return and live with him and their mother, they

desire to live with their stepmother, so that they can attend the High School in Wilmingon. The twins expressed equal affection and love for their mother, stepmother and stepfather. The mother and stepmother are both ladies of good character, and their respective homes are fit and proper places for the twins to live in. Their father by trust agreement and indenture and by will provided for the support, maintenance and education of these children, and for the maintenance of respondent: appointing for that purpose respondent as trustee of his property. The best interest and welfare and happiness of these children will be promoted by awarding their custody to respondent, who lives in the home of her deceased husband, *at least* for the coming scholastic year of 1954-1955, so that they can attend the New Hanover High School in Wilmington, where they are enrolled. Whereupon the Judge entered judgment awarding the custody of the twins to respondent, and ordered that they be permitted to visit their mother at such times as are agreeable to the parties, but only on week-ends during the school year or during vacation.

From the judgment entered, the petitioner appeals, assigning error.

*Luther Hamilton and Luther Hamilton, Jr., for Plaintiff, Appellant.*
*Rountree & Rountree for Respondent, Appellee.*

PARKER, J. Petitioner's sole exception is to the signing of the judgment. Therefore, her assignment of error, based on this exception, presents one question for decision: whether the facts found by the Judge are sufficient to support the judgment. *Warshaw v. Warshaw,* 236 N.C. 754, 73 S.E. 2d 900; *Glace v. Throwing Co.,* 239 N.C. 668, 80 S.E. 2d 759; *Wyatt v. Sharp,* 239 N.C. 655, 80 S.E. 2d 762; *Donnell v. Cox,* 240 N.C. 259, 81 S.E. 2d 664.

The judge's findings of fact not having been excepted to "are presumed to be supported by the evidence and are binding on appeal." *Donnell v. Cox, supra.*

Where one parent is dead, the surviving parent has a natural and legal right to the custody and control of their minor children. This right is not absolute, and it may be interfered with or denied but only for the most substantial and sufficient reasons, and is subject to judicial control only when the interests and welfare of the children clearly require it. *Latham v. Ellis,* 116 N.C. 30, 20 S.E. 1012; *In re Turner,* 151 N.C. 474, 66 S.E. 431; *Atkinson v. Downing,* 175 N.C. 244, 95 S.E. 487; *Brickell v. Hines,* 179 N.C. 254, 102 S.E. 309; *Clegg v. Clegg,* 186 N.C. 28, 118 S.E. 824; *In re Shelton,* 203 N.C. 75, 164 S.E. 332; 67 C.J.S., p. 637. See *Wall v. Hardee,* 240 N.C. 465, 82 S.E. 2d 370.

This Court said in *Tyner v. Tyner,* 206 N.C. 776, 175 S.E. 144: "In determining the custody of children, their welfare is the paramount consideration. Even parental love must yield to the claims of another, if, after judicial investigation, it is found that the best interest of the children is subserved thereby."

Courts should ever bear in mind that a child "over whom . . . immortality broods like the day" is "father of the man," and his happiness and welfare is a matter of prime consideration.

However, courts should never lightly disregard the legal rights of parents, or a surviving parent, nor should their natural and emotional ties with their children be overlooked. ". . . the law seeks to work in harmony with nature, and to continue those ties which bind man to his own flesh . . ." *Morris v. Grant,* 196 Ga. 692, 27 S.E. 2d 295.

"In order to justify depriving a parent of the custody of a child in favor of third persons there must be substantial reasons or, as various courts have put it, the reasons must be real, cogent, weighty, strong, powerful, serious, or grave." 67 C.J.S., Parent and Child, p. 651.

The wishes of a child of sufficient age to exercise discretion in choosing a custodian is entitled to considerable weight when the contest is between parents, but is not controlling. Where the contest is between a parent and one not connected by blood to the child, the desire of the child will not ordinarily prevail over the natural right of the parent, unless essential to the child's welfare. 39 Am. Jur., Sec. 21; 67 C.J.S., Sec. 12c.

The case of *Harris v. Harris,* 115 N.C. 587, 20 S.E. 187, involved the custody of a 9½ year old boy between the mother and father of the child. The Court said: "What the preferences of the child were is not found as a fact, though this has weight always with a court in such cases according to the age and intelligence of the child."

*Chief Justice Pearson* said for the Court in *Spears v. Snell,* 74 N.C. 210: "The boy during a long residence in the family of his grandfather and uncle has formed attachments and associations which he is unwilling to sever. At the age of thirteen, a minor has a right to have his wishes and feelings taken into consideration, whether in the choice of a master as an apprentice, or of a guardian to whom *his estate* and person are to be committed, or of a friend who, without respect to the want of an estate, will undertake to provide for his maintenance and education, to prevent his being put out as an apprentice, as in our case." This Court reversed the lower court holding that the facts of the case "show beyond all question that it is for the interest of the boy to remain with his uncle," and not to be given to the custody of his stepfather or mother.

The Judge found that the father, mother and stepmother of these two children, some four days before their father was killed in an automobile wreck, agreed that they should live with their father and stepmother during the scholastic year 1954-1955 in order to attend the New Hanover High School in Wilmington. This special proceeding was argued before us on 22 March 1955. The school year 1954-1955 will end in two or three months. The custody of these two children for that school year is now almost a *fait accompli*, and it is perfectly clear that their best interests and welfare demand that their custody for this school year be not disturbed.

The awarding of their custody to their stepmother after this school year is based primarily upon the findings of fact that these children desire to live with their stepmother so that they can attend the High School in Wilmington, that their father by trust agreement and indenture and by will provided for their support and education and appointed their stepmother as trustee of his property for that purpose, and the conclusion of law that their best interest and welfare and happiness will be promoted by awarding their custody to respondent so that they can attend this school. The appellee contends that this Court "should be satisfied that the opportunities offered these children in the educational field in the New Hanover High School are far superior to those offered them at the Beaufort High School, or the High School in Carteret County, as the children themselves specifically testified without serious contradiction," and that this Court under the supervisory powers given us under Article IV, Section 8, of the State Constitution, should correct the judgment below so as definitely to give the custody of these children to their stepmother, at least, for the school years 1955-1956 and 1956-1957 so that they can graduate from the High School in Wilmington. Whether the contention that the High School in Wilmington offers better educational advantages than the High School in Beaufort or Carteret County is correct or not, we have no opinion. Suffice it to say that the Trial Judge made no such findings of fact in that respect, as contended for by the appellee.

In this contest between a mother and a stepmother for the custody of these children, the findings of fact by the Judge do not clearly and plainly show that their interests and welfare will be promoted by awarding their custody to their stepmother, and the judgment below must be modified by striking out the part awarding their custody to their stepmother after the scholastic year 1954-1955.

The mother and stepmother are both ladies of good character, and both have fit and proper homes to rear these children. These 16 year old children at the trial below expressed equal affection and love for

their mother, stepmother and stepfather. It is unfortunate that this contest over their custody has arisen. In passing upon this appeal it is our duty to apply to the facts found below and the judgment the applicable principles of law, and in doing so, in accordance with what has been said above, the judgment below must be

Modified and affirmed.

BARNHILL, C. J., took no part in the consideration or decision of this case.