MRS. PEGGY MILLS v. KOSCOT INTERPLANETARY INC., A FOREIGN CORPORATION

No. 7222SC9

(Filed 29 March 1972)

**1. Rules of Civil Procedure § 12— motion for judgment on pleadings — amendment of complaint**

Defendant's motion for judgment on the pleadings is to be passed upon by the appellate court in light of the evidence presented at the trial and the amendment to the complaint which was thereafter allowed by the trial court. G.S. 1A-1, Rule 12.

**2. Contracts § 25— sale of distributorships — breach of contract — sufficiency of complaint**

Plaintiff's complaint stated a claim for relief for breach of contract where it alleged that plaintiff entered into a contract with defendant pursuant to which plaintiff paid defendant $2500 for the right to sell distributorships in its organization, that unbeknownst to plaintiff, defendant entered into a consent judgment which in effect prevented plaintiff from selling distributorships, and that the right to sell distributorships was the primary inducement for the contract and payment of $2500 to defendant.

**3. Rules of Civil Procedure §§ 12, 41— motion for directed verdict — motion for dismissal**

A motion for a directed verdict is proper only in a jury trial; where the case is tried without a jury, the proper motion is for involuntary dismissal under Rule 41(b).

**4. Contracts § 27— distributorships — breach of contract**

The trial court properly denied defendant's motion to dismiss an action for breach of contract where plaintiff's evidence tended to

show that she paid defendant $2500 to become a director distributor in defendant's organization, that she did so in reliance on defendant's representations that its activities were legal, that defendant has been advised by the Secretary of State that its operations might be illegal, that a material benefit of being a director distributor is the right of selling other distributorships, and that defendant entered into a consent decree which prevents plaintiff from selling distributorships.

**5. Contracts § 27— breach of contract — act rendering performance impossible**

Where plaintiff's evidence shows a contract and an act by defendant rendering it impossible for plaintiff to perform his part of the agreement, a *prima facie* case of breach of contract has been made out.

**6. Fraud § 1— knowledge that representation was false**

In order to make out a case of fraud, plaintiff must show, among other things, that defendant knew that the representation was false, or that he made it recklessly without any knowledge of its truth and as a positive assertion.

**7. Damages § 11— punitive damages for fraud**

In order to recover punitive damages for fraud, there must be some element of aggravation, as when the wrong is done wilfully or under circumstances of rudeness or in a manner which evinces a reckless and wanton disregard of another's rights.

**8. Damages § 11; Fraud § 12— representations as to legality of defendant's operations in N. C. — insufficiency of evidence of fraud**

Defendant's representations to plaintiff that its operations in this State were legal did not constitute fraud entitling plaintiff to punitive damages, notwithstanding defendant was aware of an opinion issued by the North Carolina Attorney General that its operations were illegal and defendant thereafter entered into a consent judgment agreeing to cease acceptance of applications for distributorships in this State, where defendant had been advised by legal counsel that its operations in this State were legal, defendant did not admit illegality in the consent judgment entered against it, and there has been no judicial determination that defendant's operations were not lawful.

APPEAL by plaintiff and defendant from judgment of *Crissman, Judge,* at the 26 April 1971 Session of IREDELL Superior Court.

Plaintiff seeks to recover compensatory damages for an alleged breach of contract, and also punitive damages for alleged fraud in inducing plaintiff to enter into the contract.

The defendant answered denying any breach of contract or any fraud in the procurement thereof. There was a request

for admissions filed by the plaintiff and answered by the defendant. A pre-trial conference was held at which time certain stipulations were entered into. Subsequent to the pre-trial conference, defendant moved for judgment on the pleadings in its favor and to dismiss plaintiff's cause of action for failure to state a claim for relief. This motion was denied, and the trial proceeded.

The case was tried by the Judge without a jury.

The evidence on behalf of the plaintiff may be summarized as follows:

Defendant is a corporation engaged in the sale of cosmetics in North Carolina. In November 1968 defendant held several meetings in Statesville and Charlotte, North Carolina. These meetings were conducted by agents of defendant and were referred to as "Golden Opportunity Meetings." Substantial portions of the meetings were devoted to discussion of the financial rewards available to those who purchased distributorships. Those who purchased distributorships were to receive a commission of $2500 for each director distributorship they sold and a commission of $500 for each supervisory distributorship they sold. There were other financial advantages from the purchase of a distributorship such as the right to purchase cosmetics from defendant for resale at a substantial markup. The primary inducement to purchase a distributorship was the right to sell other distributorships.

At one of the meetings the defendant's agent was asked if defendant's operations in North Carolina were legal. He assured those in attendance that inquiry had been made, and the operations were legal. Plaintiff was present at this meeting and heard this assurance.

Relying on the representations made at the meeting and the assurance that defendant's operations were legal, plaintiff entered into a contract with defendant on 8 November 1968 in which she became a director distributor. The position was described in the Distributor's Wholesale Manual which was presented into evidence. Plaintiff paid defendant $2500 for her distributorship. Between 8 November 1968 and 4 June 1969 plaintiff sold one supervisory distributorship for which she received a commission of $500.

Mills v. Koscot Interplanetary

Prior to the transactions with plaintiff, defendant had been contacted by the Secretary of State's office for the purpose of discussing the legality of defendant's operations in North Carolina. A meeting in the Secretary of State's office had been held in March 1968 and at that time defendant's agent had been informed that the Secretary of State's office believed the operation to be in violation of the laws of North Carolina and the Attorney General had rendered an opinion to this effect. Defendant was advised that the State might institute an action against it in the future.

Subsequently, a civil action had been instituted against the defendant by the State and pursuant thereto a consent judgment was entered into on 4 June 1969. In the consent judgment defendant agreed to cease accepting applications for distributorships in North Carolina and agreed not to sell any distributorships in the future without the approval of the Attorney General. There is no evidence that such approval has ever been obtained.

The plaintiff was not a party to the consent judgment or the action it concluded. Her ability to sell distributorships was, of course, effectively terminated by the consent judgment.

The defendant, in the consent judgment, does not admit the illegality of its operations in North Carolina, and there has been no judicial determination that defendant's operations are in violation of any law.

Defendant moved for a directed verdict at the close of plaintiff's evidence, and this motion was denied. The defendant then introduced evidence to the effect that it had been advised by legal counsel that it was not in violation of any laws of the State of North Carolina. There was further testimony that plaintiff had received sales training and had the right to acquire products at a discount and still had all other rights of her directorship with the exception of the right to sell supervisorships and directorships in the State of North Carolina.

Defendant renewed its motion for a directed verdict at the close of all the evidence, and this motion was denied.

At the conclusion of all the evidence the plaintiff was granted permission to file an amendment to the complaint and this was done.

The trial court made findings of fact and conclusions of law in favor of the plaintiff on the issue of breach of contract and awarded $2,000 compensatory damages. The trial court found in favor of the defendant on the issue of fraud and denied any punitive damages to the plaintiff.

From this judgment both plaintiff and defendant appealed.

*Raymer, Lewis & Eisele by Douglas G. Eisele for plaintiff appellant and appellee.*

*Broughton, Broughton, McConnell and Boxley by John D. McConnell, Jr., for defendant appellant and appellee.*

CAMPBELL, Judge.

### DEFENDANT'S APPEAL

[1] Defendant asserts that its motion for judgment on the pleadings should have been sustained. We do not agree. This motion was made under Rule 12 of the North Carolina Rules of Civil Procedure, G.S. 1A-1, Rule 12. The defendant's motion was made prior to the amendment to the complaint. It is to be passed upon, however, in the light of the evidence presented at the trial and the amendment to the complaint which was thereafter allowed by the trial court. 2A Moore's Federal Practice, § 12.15, p. 2349 (2d Ed. 1968). When so considered under the new notice theory of pleading, we think the complaint as amended was sufficient. *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970).

[2] Under the pleadings as amended defendant was put on notice that plaintiff claimed to have entered into a contract with defendant pursuant to which plaintiff had paid the defendant $2500 for the right to sell distibutorships; that unbeknownst to the plaintiff, defendant entered into a consent judgment pursuant to which plaintiff was effectively prevented from reaping the rewards to which she was entitled by her contract since she no longer could sell distributorships and that this was the primary inducement for the contract and payment of $2500 to the defendant by the plaintiff.

[3] Defendant next argues that it was error for the trial court to deny its motions for a directed verdict at the close of the plaintiff's evidence and at the close of all the evidence.

A motion for a directed verdict is proper only in a jury trial. Where the case is tried without a jury the proper motion is for involuntary dismissal under Rule 41(b). *Bryant v. Kelly,* 10 N.C. App. 208, 178 S.E. 2d 113 (1970), 279 N.C. 123, 181 S.E. 2d 438 (1971). We will treat the defendant's motions for a directed verdict as such. The motion made at the close of the plaintiff's evidence will not be considered as the defendant offered evidence and only the motion at the conclusion of all the evidence is therefore presented. *Wells v. Insurance Co.,* 10 N.C. App. 584, 179 S.E. 2d 806 (1971).

> "In ruling on a motion to dismiss under Rule 41(b), applicable only 'in an action tried by the court without a jury,' the court must pass upon whether the evidence is sufficient as a matter of law to permit a recovery; and, if so, must pass upon the weight and credibility of the evidence upon which the plaintiff must rely in order to recover." *Knitting, Inc. v. Yarn Co.,* 11 N.C. App. 162, 180 S.E. 2d 611 (1971).

[4]   The evidence presented by the plaintiff tended to establish that she paid defendant $2500 to become a director distributor in defendant's organization; that she did so in reliance on defendant's representations that its activities were legal; that defendant had been advised by the Secretary of State that its operations might be illegal; that one of the material benefits of being a director distributor was the privilege of selling distributorships; that defendant entered a consent decree which prevented plaintiff from selling distributorships.

[5]   The plaintiff has presented evidence of a contract, a breach by defendant and damages. Where plaintiff's evidence shows a contract and an act by defendant rendering it impossible for plaintiff to perform her part of the agreement, a prima facie case has been made out. *Cook v. Lawson,* 3 N.C. App. 104, 164 S.E. 2d 29 (1968). The question of credibility is one for the trier of the facts. The Judge properly denied the motion to dismiss.

The final assignment of error presented by the defendant is that the trial court committed error in its findings of fact, conclusions of law and judgment. As defendant admits, this is a broadside exception. It merely challenges the sufficiency of the facts found to support the judgment entered. *Browning v.*

Mills v. Koscot Interplanetary

*Humphrey*, 241 N.C. 285, 84 S.E. 2d 917 (1954). We have, nevertheless, reviewed the evidence, and we conclude that it supports the findings of fact, and these in turn support the judgment rendered.

## PLAINTIFF'S APPEAL

Plaintiff asserts that it was error for the trial court to conclude that she was not entitled to punitive damages for fraud.

[6] In order for there to be fraud, the plaintiff must show, among other things, that, " 'defendant knew that the representation was false, or made it recklessly, without any knowledge of its truth and as a positive assertion.' " *Auto Supply Co., Inc. v. Equipment Co., Inc.*, 2 N.C. App. 531, 163 S.E. 2d 510 (1968), quoting from *Cofield v. Griffin*, 238 N.C. 377, 78 S.E. 2d 131 (1953).

[7] In addition for the plaintiff to recover punitive damages for fraud there must be some element of aggravation as when the wrong is done wilfully or under circumstances of rudeness or oppression or in a manner which evinces a reckless and wanton disregard of the plaintiff's rights. *Swinton v. Realty Co.*, 236 N.C. 723, 73 S.E. 2d 785 (1953).

[8] The evidence in this case tends to show that while defendant was aware of an opinion to the contrary by the North Carolina Attorney General, nevertheless, defendant had been advised by legal counsel that its operations in North Carolina were lawful. Defendant did not admit illegality in the consent judgment entered against it. There has been no judicial determination that defendant's operations are not lawful. The most that can be said is that the question remains in doubt.

The trial judge concluded that the defendant, in representing that its operations were lawful, was merely stating an opinion of law concerning which there has not yet been any legal determination. He further concluded that the representations did not constitute fraud entitling the plaintiff to punitive damages. The plaintiff has failed to show that defendant knew its representations were false and that any representation was accompanied by such aggravation as would entitle plaintiff to punitive damages.

The trial judge's conclusions are supported by his findings of fact, and the evidence supports the facts found. We find no error in the denial of punitive damages.

On plaintiff's appeal affirmed.

On defendant's appealed affirmed.

Judges BRITT and GRAHAM concur.