IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-478

Filed: 5 May 2020

Durham County, No. 15 CVD 653

FELIX C. PADILLA, Plaintiff,

v.

KELLY D. WHITLEY DE PADILLA, Defendant.

Appeal by Defendant from order entered 12 December 2018 by Judge Amanda L. Maris in Durham County District Court. Heard in the Court of Appeals 31 October 2019.

*No brief filed for Plaintiff-Appellee.*

*Foil Law Offices, by N. Joanne Foil and Laura E. Windley, for Defendant-Appellant.*

DILLON, Judge.

Defendant Kelly D. Whitley de Padilla ("Mother") appeals from an order ("2018 Order") modifying the parties' child custody arrangements. Specifically, Mother disagrees with the extension of rights given to Plaintiff Felix C. Padilla ("Father") in the 2018 Order.

## I. Background

Mother and Father were married from 2005 until 2014 and have two minor children together. The parties have been disputing child custody orders since 2015.

In 2016, the trial court entered an order ("2016 Order") granting sole custody of the children to Mother and granting Father very minimal rights to visitation. The trial court's 2016 Order was based substantially on findings concerning Father's unhealthy relationship with his then girlfriend, Father's mental health issues, and Father's unstable living conditions.

Sometime later, Father moved the trial court for an order modifying the custody arrangement. After a hearing on the matter, the trial court entered its 2018 Order which maintained primary physical custody of the children with Mother, but which granted Father greater visitation and parental rights. Mother timely appealed the 2018 Order.

## II. Standard of Review

In reviewing the trial court's decision to modify a prior custody order, "the appellate courts must examine the trial court's findings of fact to determine whether they are supported by substantial evidence." *Shipman v. Shipman*, 357 N.C. 471, 474, 586 S.E.2d 250, 253 (2003) (citation omitted). However, "findings of fact not having been excepted to are presumed to be supported by the evidence and are binding on appeal." *James v. Pretlow*, 242 N.C. 102, 104, 86 S.E.2d 759, 761 (1955) (internal quotation marks omitted) (citation omitted). Conclusions of law are reviewed *de novo* by this Court. *See In re C.B.C*, 373 N.C. 16, 19, 832 S.E.2d 692, 695 (2019).

Further, as our Supreme Court has recognized, "[i]t is a long-standing rule that the trial court is vested with broad discretion in cases involving child custody." *Pulliam v. Smith*, 348 N.C. 616, 624, 501 S.E.2d 898, 902 (1998) (citation omitted). And, therefore, the decision of the trial court should not be upset on appeal "absent a clear showing of [an] abuse of discretion." *Id.* at 631, 501 S.E.2d at 906 (internal quotation marks omitted) (citation omitted).

## III. Analysis

Our Supreme Court has held that a custody order may be modified "if the party moving for modification shows that a substantial change of circumstances affecting the welfare of the child warrants a change in custody." *Shipman*, 357 N.C. at 474, 586 S.E.2d at 253 (internal quotation marks omitted) (citation omitted). The burden of proving that there has been a substantial and material change of circumstances affecting the minor child is on the moving party, which here is Father. *See Blackley v. Blackley*, 285 N.C. 358, 362, 204 S.E.2d 678, 681 (1974).

Mother argues that Father has failed to meet his burden as there has been no adverse change concerning her care for the children and, therefore, there is no reason to change the custody arrangements. However, our Supreme Court has instructed that "[w]hile allegations concerning adversity are acceptable factors for the trial court to consider and will support modification, a showing of a change in circumstances that is, or is likely to be, *beneficial* to the child[ren] may also warrant a change in custody." *Shipman*, 357 N.C. at 473-74, 586 S.E.2d at 253 (emphasis added) (internal

marks omitted).  Citing *Shipman*, our Court, in a case similar to the present case, has recognized that a changed circumstance justifying custody modification does not require a showing that something adverse has happened regarding the children's care, but can be justified based on the positive change in behavior in the non-custodial parent:

> If Father . . . can show he has changed and can provide a safe and loving environment for [his child], he has the same opportunity as any parent to request a change in custody based upon a substantial change in circumstances which would positively affect the minor child; *his positive behavior* could be such a change.

*Huml v. Huml*, ___ N.C. App. ___, ___, 826 S.E.2d 532, 549-50 (2019) (emphasis in original) (citation omitted).

Here, in its 2018 Order, the trial court essentially found that there had been many *positive* changes regarding Father's behavior and lifestyle since the entry of the 2016 Order and that it would be now in the children's best interest to have a more meaningful relationship with their father.  For instance, the trial court found that Father is no longer dating the woman with whom he had the affair (Finding 24); Father is not dating anyone (Finding 25); Father's old girlfriend will not interfere with Father's ability to be a good father, and it will benefit the children to have contact with Father at school events (Finding 26); Father has stable housing as he has an apartment for the period of a 15-month lease, suitable for his children (Findings 27 and 70): though Father had once abandoned his kids, he now has a

changed attitude and wants to spend time with them (Findings 31-32); and Father has taken great lengths to address his own mental health needs (Findings 46 and 59). The trial court ultimately found that a modification of custody to allow Father more contact with his children would be in the best interest of the children (Finding 84).

It is certainly not an abuse of discretion for a trial court to determine that it is in the best interest of children for them to have a meaningful relationship with *both* of their parents. Here, though, when the 2016 Order was entered, Father had a number of issues that he needed to deal with before it could be said that the children's welfare would benefit from extensive contact with him. In its 2018 Order, the trial court has determined that Father has adequately dealt with his issues. And though perhaps nothing has changed with Mother's continued ability to provide a safe, loving environment for the children, something substantial has changed. Father's circumstances have improved. The children now have the opportunity to develop a more meaningful relationship with their father, while maintaining their healthy relationship with their mother.

## IV. Conclusion

We conclude that the trial court did not abuse its discretion by modifying custody.

AFFIRMED.

Judges DIETZ and YOUNG concur.