IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-478

 Filed: 5 May 2020

Durham County, No. 15 CVD 653

FELIX C. PADILLA, Plaintiff,

 v.

KELLY D. WHITLEY DE PADILLA, Defendant.

 Appeal by Defendant from order entered 12 December 2018 by Judge Amanda

L. Maris in Durham County District Court. Heard in the Court of Appeals 31 October

2019.

 No brief filed for Plaintiff-Appellee.

 Foil Law Offices, by N. Joanne Foil and Laura E. Windley, for Defendant-
 Appellant.

 DILLON, Judge.

 Defendant Kelly D. Whitley de Padilla (“Mother”) appeals from an order (“2018

Order”) modifying the parties’ child custody arrangements. Specifically, Mother

disagrees with the extension of rights given to Plaintiff Felix C. Padilla (“Father”) in

the 2018 Order.

 I. Background

 Mother and Father were married from 2005 until 2014 and have two minor

children together. The parties have been disputing child custody orders since 2015.
 PADILLA V. WHITLEY DE PADILLA

 Opinion of the Court

 In 2016, the trial court entered an order (“2016 Order”) granting sole custody

of the children to Mother and granting Father very minimal rights to visitation. The

trial court’s 2016 Order was based substantially on findings concerning Father’s

unhealthy relationship with his then girlfriend, Father’s mental health issues, and

Father’s unstable living conditions.

 Sometime later, Father moved the trial court for an order modifying the

custody arrangement. After a hearing on the matter, the trial court entered its 2018

Order which maintained primary physical custody of the children with Mother, but

which granted Father greater visitation and parental rights. Mother timely appealed

the 2018 Order.

 II. Standard of Review

 In reviewing the trial court’s decision to modify a prior custody order, “the

appellate courts must examine the trial court’s findings of fact to determine whether

they are supported by substantial evidence.” Shipman v. Shipman, 357 N.C. 471,

474, 586 S.E.2d 250, 253 (2003) (citation omitted). However, “findings of fact not

having been excepted to are presumed to be supported by the evidence and are

binding on appeal.” James v. Pretlow, 242 N.C. 102, 104, 86 S.E.2d 759, 761 (1955)

(internal quotation marks omitted) (citation omitted). Conclusions of law are

reviewed de novo by this Court. See In re C.B.C, 373 N.C. 16, 19, 832 S.E.2d 692, 695

(2019).

 -2-
 PADILLA V. WHITLEY DE PADILLA

 Opinion of the Court

 Further, as our Supreme Court has recognized, “[i]t is a long-standing rule that

the trial court is vested with broad discretion in cases involving child custody.”

Pulliam v. Smith, 348 N.C. 616, 624, 501 S.E.2d 898, 902 (1998) (citation omitted).

And, therefore, the decision of the trial court should not be upset on appeal “absent a

clear showing of [an] abuse of discretion.” Id. at 631, 501 S.E.2d at 906 (internal

quotation marks omitted) (citation omitted).

 III. Analysis

 Our Supreme Court has held that a custody order may be modified “if the party

moving for modification shows that a substantial change of circumstances affecting

the welfare of the child warrants a change in custody.” Shipman, 357 N.C. at 474,

586 S.E.2d at 253 (internal quotation marks omitted) (citation omitted). The burden

of proving that there has been a substantial and material change of circumstances

affecting the minor child is on the moving party, which here is Father. See Blackley

v. Blackley, 285 N.C. 358, 362, 204 S.E.2d 678, 681 (1974).

 Mother argues that Father has failed to meet his burden as there has been no

adverse change concerning her care for the children and, therefore, there is no reason

to change the custody arrangements. However, our Supreme Court has instructed

that “[w]hile allegations concerning adversity are acceptable factors for the trial court

to consider and will support modification, a showing of a change in circumstances

that is, or is likely to be, beneficial to the child[ren] may also warrant a change in

custody.” Shipman, 357 N.C. at 473-74, 586 S.E.2d at 253 (emphasis added) (internal

 -3-
 PADILLA V. WHITLEY DE PADILLA

 Opinion of the Court

marks omitted). Citing Shipman, our Court, in a case similar to the present case,

has recognized that a changed circumstance justifying custody modification does not

require a showing that something adverse has happened regarding the children’s

care, but can be justified based on the positive change in behavior in the non-custodial

parent:

 If Father . . . can show he has changed and can provide a
 safe and loving environment for [his child], he has the same
 opportunity as any parent to request a change in custody
 based upon a substantial change in circumstances which
 would positively affect the minor child; his positive
 behavior could be such a change.

Huml v. Huml, ___ N.C. App. ___, ___, 826 S.E.2d 532, 549-50 (2019) (emphasis in

original) (citation omitted).

 Here, in its 2018 Order, the trial court essentially found that there had been

many positive changes regarding Father’s behavior and lifestyle since the entry of the

2016 Order and that it would be now in the children’s best interest to have a more

meaningful relationship with their father. For instance, the trial court found that

Father is no longer dating the woman with whom he had the affair (Finding 24);

Father is not dating anyone (Finding 25); Father’s old girlfriend will not interfere

with Father’s ability to be a good father, and it will benefit the children to have

contact with Father at school events (Finding 26); Father has stable housing as he

has an apartment for the period of a 15-month lease, suitable for his children

(Findings 27 and 70): though Father had once abandoned his kids, he now has a

 -4-
 PADILLA V. WHITLEY DE PADILLA

 Opinion of the Court

changed attitude and wants to spend time with them (Findings 31-32); and Father

has taken great lengths to address his own mental health needs (Findings 46 and 59).

The trial court ultimately found that a modification of custody to allow Father more

contact with his children would be in the best interest of the children (Finding 84).

 It is certainly not an abuse of discretion for a trial court to determine that it is

in the best interest of children for them to have a meaningful relationship with both

of their parents. Here, though, when the 2016 Order was entered, Father had a

number of issues that he needed to deal with before it could be said that the children’s

welfare would benefit from extensive contact with him. In its 2018 Order, the trial

court has determined that Father has adequately dealt with his issues. And though

perhaps nothing has changed with Mother’s continued ability to provide a safe, loving

environment for the children, something substantial has changed. Father’s

circumstances have improved. The children now have the opportunity to develop a

more meaningful relationship with their father, while maintaining their healthy

relationship with their mother.

 III. Conclusion

 We conclude that the trial court did not abuse its discretion by modifying

custody.

 AFFIRMED.

 Judges DIETZ and YOUNG concur.

 -5-